IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| P BROWN BEY, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )   CASE NO. 2:24-CV-610-RAH-KFP |
| | ) |
| JAKE A. TURNER, et al., | ) |
| | ) |
|    Defendants. | ) |

## **MEMORANDUM OPINION AND ORDER**

Pro se Plaintiff P Brown Bey filed an Amended Complaint against Defendants Jake A. Turner, Melinda Woods, Daryl Stoudemire, Mark Harrell (collectively Sheriff's Department Employees), Autauga County Sheriff Department (Department), Judge Jessica Sanders, and BJ's Bail Bond, Inc. (BJ's Bail Bond) seeking redress under 42 U.S.C. §§ 1981, 1983, 1985; 18 U.S.C. § 1591; and the Treaty of Peace and Friendship (1787) for alleged violations of Bey's "constitutional rights through racial profiling, unlawful detention, human trafficking, deprivation of property, and denial of due process and equal protection under the Fourteenth Amendment." Doc. 23 at 2.

Now pending before the Court are Sheriff's Department Employees' Renewed Motion to Dismiss[1] (Doc. 29) with accompanying brief (Doc. 30) and BJ's Bail Bond's Motion to Dismiss (Doc. 32). The Court ordered Bey to file a response to the motions

---

[1] The Department also joined this Motion to Dismiss, arguing it should be dismissed because the Department is not a legal entity subject to suit under Alabama law. Doc. 29 at 1. In a separate Report and Recommendation, the undersigned agreed and recommended that the Department be dismissed. Doc. 49. This Order pertains solely to Sheriff's Department Employees.

showing cause why they should not be granted, and directed Defendants they may reply. Docs. 31 and 34.

On December 13, 2024, Bey filed "Plaintiff's Rebuttal to Defendants' Motions to Dismiss" (Doc. 35), "exhibits in support of Plaintiff's Rebuttal" (Doc. 36), and "Plaintiff's Memorandum in Opposition to Defendants' Motion to Dismiss" (Doc. 37). The Court construes Bey's filings as his response in opposition to the Motions to Dismiss. Sheriff's Department Employees and the Department filed a reply brief on December 31, 2024 (Doc. 40); BJ's Bail Bond did not file a reply. The motions are fully briefed and ripe for review.

Upon consideration of the parties' filings and applicable case law, and for the reasons explained below, the undersigned construes the Sheriff's Department Employees' Motion to Dismiss as a Motion for a More Definite Statement under Federal Rule of Civil Procedure 12(e) and finds that it is due to be GRANTED. As a result, Bey will be given an opportunity to amend his complaint to cure his pleading deficiencies or risk dismissal of the case. Because the Second Amended Complaint will become the operative complaint, the Court finds that BJ's Bail Bond's Motion to Dismiss is due to be DENIED.[2] *See Hakeem v. Adams*, 2024 WL 388131, at *3 (S.D. Ga. Feb. 1, 2024) (*"*Because the Amended Complaint will no longer be the operative pleading, the remainder of the Moving Defendants' motion to dismiss is **DENIED AS MOOT.**").[3]

---

[2] BJ's Bail Bond argued for dismissal because Bey failed to state a claim against it; it did not argue any form of immunity. Because there is the possibility that Bey could plead a Second Amended Complaint which states a claim against BJ's Bail Bond, the Court finds that denial of BJ's Bail Bond's Motion to Dismiss is appropriate.

[3] Here, and elsewhere in this Opinion, the Court cites to non-binding authority. While the Court recognizes that these cases are not precedential, the Court finds them persuasive.

Also pending before the Court are Bey's three Motions for Entry of Default (Docs. 43, 45, 47) and a "Motion for Return of Seized Property" (Doc. 48). For the reasons explained below, the motions are due to be DENIED.

## I.  JURISDICTION AND VENUE

The Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343 over this case arising from claims under 42 U.S.C. §§ 1983, 1981. Personal jurisdiction and venue are not contested, and the Court concludes that venue properly lies in the Middle District of Alabama. 28 U.S.C. § 1391.

## II.  BACKGROUND[4]

Bey alleges that Defendants "conspired against [him], conducted searches and seizures without probable cause, and engaged in racial profiling, violating [his] rights under color of law." Doc. 23 ¶ 8. He further alleges that he "was wrongfully referred to a grand jury without probable cause or lawful jurisdiction, and Defendants engaged in fraudulent practices, including imposing fraudulent bond, depriving [Bey] of due process and equal protection under the Fourteenth Amendment." Doc. 23 ¶ 9. Finally, he alleges that BJ's Bail Bond "despite being served, has failed to respond to the summons or otherwise defend against the claims[.]" Doc. 23 ¶ 10. This is the extent of the factual allegations in the Amended Complaint.

---

[4] The Court's recitation of the facts is based on the factual allegations of the Complaint. For purposes of ruling on the motion to dismiss, the Court accepts the facts alleged in the Complaint as true and draws all reasonable inferences in favor of Plaintiff. *See Bailey v. Wheeler*, 843 F.3d 473, 478 n.3 (11th Cir. 2016).

Based on this alleged conduct, Bey brought six counts against Defendants. In Count I, violation of civil rights under 42 U.S.C. § 1983, he claims a violation of his Fourth and Fourteenth Amendment rights. Doc. 23 ¶ 12. In Count II, racial discrimination under 42 U.S.C. § 1982, he claims racial profiling and discriminatory treatment based on his status as a Moorish American. Doc. 23 ¶ 14. In Count III, conspiracy to interfere with civil rights under 42 U.S.C. § 1985, he claims Defendants conspired to deprive Bey of "equal protection under the law by engaging in wrongful detention, racial profiling, and trafficking." Doc. 23 ¶ 16. In Count IV, human trafficking under 18 U.S.C. § 1591, he claims Defendants detained him "under fraudulent bonds and engaged in actions constituting human trafficking for financial gain." Doc. 23 ¶ 18. In Count V, violation of treaty rights under Article VI of the U.S. Constitution, he claims that Defendants disregarded the Treaty of Peace and Friendship (1787)—which allegedly protects Bey's "rights as a Moorish American National"—by "violating [Bey's] rights as a free citizen of Alabama." Doc. 23 ¶ 20. Finally, in Count VI, due process and equal protection violations under the Fourteenth Amendment, he claims that Defendants "targeted [him] based on race and nationality, [and] denied him lawful process" in violation of his Fourteenth Amendment rights to due process and equal protection. Doc. 23 ¶ 22.

Bey requests, among other relief, "monetary damages totaling $50,000,000" and injunctive relief in the form of (1) "[a]n order directing Defendants to cease all unlawful acts against Plaintiff" and (2) "[a]n order expunging all records associated with Defendants' fraudulent actions against Plaintiff." Doc. 1 ¶ 4.

III.  STANDARD OF REVIEW

"Courts in the Eleventh Circuit have little tolerance for shotgun pleadings[,]" *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018), and the Eleventh Circuit "has filled many pages of the Federal Reporter condemning shotgun pleadings and explaining their vices[,]" *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1356 (11th Cir. 2018).

"A shotgun pleading is a complaint that violates either Federal Rule of Civil Procedure 8(a)(2) or Rule 10(b), or both." *Barmapov v. Amuial*, 986 F.3d 1321, 1324 (11th Cir. 2021) (citing *Weiland v. Palm Beach Ctny. Sheriff's Off.*, 729 F.3d 1313, 1320 (11th Cir. 2015)). "The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland*, 729 F.3d at 1323.

There are "four rough types or categories of shotgun pleadings." *Id.* at 1321. The first type "is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Id.* The second type "is a complaint that . . . is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Id.* at 1322. "The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief." *Id.* at 1322–23. "Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple

defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id.* at 1323.

IV.   DISCUSSION

The Court will first address Sherriff's Department Employees' Motion to Dismiss, which the Court construes as a Motion for a More Definite Statement. It will then detail the requirements Bey must follow when amending his complaint. Finally, the Court will explain why Bey's pending motions are due to be denied.

### A. Sherriff's Department Employees Construed Motion for a More Definite Statement

Sherriff's Department Employees argued for dismissal because the Amended Complaint is a shotgun pleading.[5] Bey's rebuttal filings did not address this argument. Based on the arguments raised by Sherriff's Department Employees and the Court's review of the Amended Complaint, the Court construes Sherriff's Department Employee's Motion to Dismiss as a Motion for a More Definite Statement and finds that the motion is due to be granted because the Amended Complaint commits the fourth sin of shotgun pleading by failing to specify what claims are brought against which Defendants. *See Weiland*, 792, F.3d at 1323.

---

[5] Sherriff's Department Employees also argued for dismissal because Bey's § 1983 claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994) and they are immune in their official capacity under the Eleventh Amendment. However, because the Court finds that the Amended Complaint is a shotgun pleading requiring Bey to replead, it will not address the merits of these arguments. The Court notes that if it were to address the merits, it likely would be unable to grant dismissal under those arguments at this time because neither Bey nor Sherriff's Department Employees identify which criminal action or judgment is at issue or bars the claims in the Amended Complaint under *Heck v. Humphrey*. Additionally, Bey asserted a request for injunctive relief, which may necessitate analysis under the exception in *Ex parte Young*, 209 U.S. 123 (1908), to Eleventh Amendment immunity.

Sheriff's Department Employees argues that Bey's Amended Complaint is a shotgun pleading because, overarchingly, it "fail[s] to one degree or another . . . to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." Doc. 30 at 6 (quoting *Weiland*, 729 F.3d at 1323). Specifically, they argue the Amended Complaint is a shotgun pleading of the first type because "each count adopts the allegations of all preceding counts," (Doc. 30 at 6) (quoting *Barmapov*, 986 F.3d at 1324), the third type because it does not separate each claim into a different count (Doc. 30 at 6), and the fourth type because it "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against[,]" (Doc. 30 at 6) (quoting *Barmapov*, 986 F.3d at 1324).

The Court agrees that the Amended Complaint is a shotgun pleading of at least the fourth type because it "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Weiland*, 792 F.3d at 1323. As Sheriff's Department Employees correctly state, Bey's Amended Complaint "repeatedly lumps all of the Defendants together, typically referencing 'Defendants' instead of a particular individual, under each of the Counts." Doc. 30 at 7. Such pleading commits the fourth sin of shotgun pleading by "depriv[ing] [Defendants] of fair notice of the conduct being attributed to them." *See Hydroman, Inc. v. Fla. Garden Supplies, Inc*, 2024 WL 3650447, at *3 (S.D. Fla. May 17, 2024); *see also United States ex rel. Musachia v. Pernix Therapeutics, LLC*, 2020 WL 13564486, at *4 (N.D. Ala. Sept. 30, 2020) ("First Amended

Complaint is the fourth type of shotgun pleading because it fails to give defendants fair notice of which factual allegations are attributable to each defendant."). The only Defendant specifically named in a count is BJ's Bail Bond in Count IV, and that count states "Defendants, including BJ's Bail Bond Inc.," so it does not provide which other Defendants engaged in the alleged violative conduct of Count IV. Doc. 23 ¶ 18. Nor does it provide notice of what conduct the Defendants allegedly engaged in that constituted "human trafficking for financial gain[.]" *Id.*

Additionally, the factual allegations are replete with conclusory allegations such that Defendants cannot know what conduct they committed that led to each count. *See Nguyen v. Civ. Air Patrol*, 2021 WL 6883454, at *3 (M.D. Ala. Nov. 3, 2021), *report and recommendation adopted sub nom. Nguyen on behalf of Fellow Disabled Veterans v. Civ. Air Patrol*, 2022 WL 894098 (M.D. Ala. Mar. 25, 2022) ("The pleading is also the fourth type of prohibited shotgun pleading, as there are few factual allegations as to *each* Defendant's conduct included in the Second Amended Complaint."). Again, the only named Defendant is BJ's Bail Bond, who allegedly "failed to respond to the summons or otherwise defend against the claims[.]" Doc. 23 ¶ 10. This allegation does not align with any of the asserted counts and therefore does not place BJ's Bail Bond on notice of what conduct it allegedly committed that resulted in the asserted claims of the Amended Complaint.

Accordingly, Bey's Amended Complaint constitutes the fourth type of shotgun pleading by failing "to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *See Weiland*, 792 F.3d at 1323.

Although Sherriff's Department Employees filed a Motion to Dismiss, because they argued that the Amended Complaint is a shotgun pleading the "more appropriate remedy" would have been to file a Motion for a More Definite Statement under Rule 12(e). *See White v. Montgomery Cnty. Comm'n*, 2020 WL 3244092, at *2 (M.D. Ala. May 11, 2020), *report and recommendation adopted*, 2020 WL 3244006 (M.D. Ala. June 15, 2020); *see also Davis v. Main St. Fam. Pharmacy, LLC*, 2016 WL 9185284, at *1 (N.D. Fla. Apr. 18, 2016) (finding that rather than granting a motion to dismiss, "the better course is to require a more definite statement . . . to cure the deficiencies that make it a 'shotgun' pleading."). Therefore, the Court sua sponte construes their Motion to Dismiss as a Motion for a More Definite Statement.

Eleventh Circuit caselaw implies that a court has the authority, when faced with a Rule 12(b)(6) Motion to Dismiss for shotgun pleading violations, to sua sponte construe the motion as a Rule 12(e) Motion for a More Definite Statement. In *Anderson*, the Eleventh Circuit explained in a footnote that when a court encounters a shotgun pleading and the defendants' answer, "the court, acting *sua sponte,* should [] [strike] the plaintiff's complaint, and the defendants' answer, and instruct[] plaintiff's counsel to file a more definite statement." *Anderson v. Dist. Bd. of Trustees of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 367 n.5 (11th Cir. 1996). The Eleventh Circuit parroted this footnote when it stated that "[i]n light of defense counsel's failure to request a repleader, 'the court, acting sua sponte, should have struck the plaintiff's complaint, and the defendants' answer, and instructed plaintiff's counsel to file a more definite statement.' The necessity for doing so should have become starkly apparent on reading the complaint." *Davis v. Coca-Cola*

*Bottling Co. Consol.*, 516 F.3d 955, 984 (11th Cir. 2008) (quoting *Anderson*, 77 F.3d at 367 n.5), *abrogated on other grounds by Ashcroft v. Iqbal*, 556 U.S. 662 (2009) *and Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Byrne v. Nezhat*, 261 F.3d 1075, 1129 (11th Cir. 2001) ("Unless the court requires a repleader—under Rule 12(e) or on its own initiative—a shotgun complaint leads to a shotgun answer."), *abrogated on other grounds by Iqbal and Twombly*.

"Therefore, to the extent [Sherriff's Department Employees] argue that [Bey's] [Amended] Complaint fails to comply with the federal pleading requirements, the undersigned construes [their] motion as a Motion to Dismiss or in the Alternative for a More Definite Statement under Rule 12(e)." *See White*, 2020 WL 3244092, at *2 (citations omitted.

In sum, the Court finds that the Amended Complaint is a shotgun pleading because it does not place Defendants on notice of what conduct allegedly gave rise to each count; therefore, the Court construes the Motion to Dismiss as a Motion for a More Definite Statement because that is the proper remedy in the face of such a pleading.

**B.    Leave to Amend Complaint**

While shotgun pleadings are extremely disfavored, "[the Eleventh Circuit] ha[s] required district courts to sua sponte allow a litigant one chance to remedy such deficiencies." *Vibe Micro, Inc.*, 878 F.3d at 1295 (citations omitted). "In the repleading

order, the district court should explain how the offending pleading violates the shotgun pleading rule so that the party may properly avoid future shotgun pleadings." *Id.* at 1296.

Bey's Second Amended Complaint must cure the pleading deficiency (highlighted above) by identifying what each Defendant's alleged conduct is that gives rise to each count. The Second Amended Complaint must also comply with the Federal Rules of Civil Procedure, the Court's Report and Recommendation (Doc. 49),[6] and the following requirements:

1. The Second Amended Complaint must include a short and plain statement of Plaintiff's claims and identify any federal causes of action under which Plaintiff brings his claims <u>or</u> allege sufficient facts to support diversity jurisdiction;

2. The Second Amended Complaint must contain specific factual allegations about defendant's conduct (i.e., what actions the identified defendant took that constitute claims being alleged by Plaintiff and when the actions were taken), clearly indicating which specific factual allegations provide support for which claims against the named defendant and noting the relevant dates of all such actions;

3. The Second Amended Complaint must be set out in numbered paragraphs, each limited as far as practicable to a specific set of circumstances, and, if doing so would promote clarity, each claim founded on a separate transaction or occurrence must be stated in a separate count;

4. The Second Amended Complaint must contain a demand for relief;

5. The Second Amended Complaint must exclude generalized and immaterial facts, statements, and allegations not specifically related to Plaintiff's claims for relief; and

6. The Second Amended Complaint must be executed by Plaintiff consistent with Rule 11 of the Federal Rules of Civil Procedure.[7]

---

[6] Bey may not bring his Second Amended Complaint against Judge Jessica Sanders unless he can overcome her judicial immunity and he may not bring suit against Autauga County Sheriff's Department because it is not a legal entity subject to suit.

[7] Rule 11 provides in part:

**Bey is expressly cautioned that his failure to file a Second Amended Complaint meeting the requirements of this Order and the Federal Rules of Civil Procedure will result in a recommendation that the action be dismissed**. *See Byrne*, 261 F.3d at 1133 ("Implicit in such instruction is the notion that if the plaintiff fails to comply with the court's order—by filing a repleader with the same deficiency—the court should strike his pleading or, depending on the circumstances, dismiss his case and consider the imposition of monetary sanctions."); *Arrington v. Green*, 757 F. App'x 796, 798 (11th Cir. 2018) ("We therefore conclude the district court acted within its discretion in dismissing [pro se plaintiff's] amended complaint, which failed to correct the deficiencies previously identified by the district court.").

Bey is further cautioned that the only issues before the Court will be those raised in the Second Amended Complaint and that he will not be permitted to rely upon any

---

By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; [and]

(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery . . . .

Fed. R. Civ. P. 11(b)(1)-(3). "Rule 11 applies to pro se plaintiffs[.]" *Meidinger v. Healthcare Indus. Oligopoly*, 391 F. App'x 777, 778 (11th Cir. 2010) (citing *Thomas v. Evans*, 880 F.2d 1235, 1240 (11th Cir. 1989)). A failure to adhere to Rule 11 can lead to the imposition of sanctions against the offending party, including monetary sanctions. *Id.*

allegations in earlier iterations of his Complaint or First Amended Complaint not specifically included in the Second Amended Complaint. *See, e.g.*, *Dresdner Bank AG v. M/V Olympia Voyager*, 463 F.3d 1210, 1215 (11th Cir. 2006) ("An amended pleading supersedes the former pleading; 'the original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary.'" (quoting *Proctor & Gamble Def. Corp v. Bean*, 146 F.2d 598 n.7 (5th Cir. 1945)).

Bey is encouraged to review the section about "Representing Yourself" on the court's website at https://www.almd.uscourts.gov/representing-yourself. The Federal Rules of Civil Procedure, the Local Rules for the Middle District of Alabama, and complaint forms and instructions are also available for review on the website.

### C. Motions for Entry of Default and "Motion for Return of Seized Property"

Bey filed three Motions for Entry of Default: the first against Sanders (Doc. 43) and the second against BJ's Bail Bond (Doc. 45) for allegedly not replying to their Motions to Dismiss in violation of a Court order, and the third against all Defendants for allegedly continuing to violate his rights and causing him irreparable harm (Doc. 47). The first two are due to be dismissed because the Court directed that Defendants "**may** file a reply." Docs. 28, 34 (emphasis added). Black's Law Dictionary defines "may" as "to be permitted to." *May*, BLACK'S LAW DICTIONARY (12th ed. 2024). Bey even acknowledged that, in regard to Sanders, the Court "permit[ed] Defendant to file a reply[.]" Doc. 43 ¶ 2. "Permit" is defined as "to allow." *Permit*, BLACK'S LAW DICTIONARY (12th ed. 2024). Thus, the directive to Defendants to file a reply was not mandatory, it was permissive, in which the

13

Court "allowed" and "permitted" Defendants to file a reply if they desired. Their lack of desire did not violate a Court order and default is not warranted against Sanders or BJ's Bail Bond on Bey's stated grounds.[8]

The Motion for Default against all Defendants is due to be denied because Federal Rule of Civil Procedure 55 is the inappropriate vehicle for Bey's grievance that Defendants are still violating his rights and causing him harm. Rule 55(a) provides that default is appropriate "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend[.]" Fed. R. Civ. P. 55(a). It does not provide any relief for Bey's allegation of continuing harm; therefore, the motion is due to be denied.[9]

The "Emergency Motion for Return of Seized Property (Replevin)" is also due to be denied. Bey claims that the motion is brought under Ala. Code § 6-6-560, the Fourth and Fourteenth Amendments, and Federal Rule of Civil Procedure 65 for return of his allegedly unlawfully seized property of a firearm and magazines. But Ala. Code § 6-6-560 concerns "[w]ho may file complaint to establish right or title to lands or interest therein." Bey is not attempting to reclaim land, so this statute is inappropriate for granting Bey's requested relief of return of his property (even if it were properly before this Court). To the extent Bey is arguing that he was subject to an unlawful seizure of his property under the Fourth Amendment and this motion constitutes a motion under Federal Rule of Criminal Procedure 41(g), the motion still fails because Bey has not informed the Court of the

---

[8] Additionally, the Court notes that default under Federal Rule of Civil Procedure 55 against Sanders and BJ's Bail Bond is not warranted because both parties have defended their position by filing motions to dismiss. *See* Fed. R. Civ. P. 55(a).

[9] The Court also notes that all Defendants have defended their position by filing motions to dismiss, so an entry of default would be inappropriate.

14

circumstances of the property seizure. The reason for the seizure impacts whether a Rule 41(g) motion is appropriate; a Rule 41(g) motion is "unavailable . . . when property is retained pursuant to civil forfeiture instead of for use as evidence." *United States v. Ali*, 306 F.R.D. 694, 695 (N.D. Ala. 2015) (quoting *United States v. Eubanks*, 169 F.3d 672, 674 (11th Cir. 1999)). Thus, even construing the motion as one under Rule 41(g), the Court cannot grant it because it lacks sufficient information before it as to the circumstances of the seizure. Finally, Federal Rule of Civil Procedure 65 pertains to injunctions and restraining orders, and therefore cannot be used as a basis for granting a return of seized property.

Accordingly, Bey's pending Motions for Entry of Default and "Motion for Return of Seized Property" are due to be denied.

## V.     CONCLUSION

For the reasons stated above, the Court construes Defendants Jake A. Turner, Melinda Woods, Daryl Stoudemire, and Mark Harrell's Renewed Motion to Dismiss (Doc. 29) as a Motion for a More Definite Statement and finds that Bey's Amended Complaint is a shotgun pleading which merits repleading. Because the Second Amended Complaint will be the operative complaint, the Court finds that BJ's Bail Bond's Motion to Dismiss should be denied.

Accordingly, it is ORDERED as follows:

(1) Defendants Jake A. Turner, Melinda Woods, Daryl Stoudemire, and Mark Harrell's Construed Motion for a More Definite Statement (Doc. 29) is GRANTED.

(2) Plaintiff P Brown Bey must file a Second Amended Complaint that complies with this Order by **April 2, 2025**, or risk having his case dismissed.

(3) Defendant BJ's Bail Bond, Inc.'s Motion to Dismiss (Doc. 32) is DENIED.

(4) Plaintiff's Motions for Entry of Default (Docs. 43, 45, and 47) are DENIED.

(5) Plaintiff's Motion for Return of Seized Property (Doc. 48) is DENIED.

DONE this 19th day of March, 2025.

/s/ Kelly Fitzgerald Pate
KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE