IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

P. BROWN BEY,                              )
                                          )
    Plaintiff,                        )
                                          )
v.                                        )          CASE NO. 2:24-cv-00610-BL-KFP
                                          )
JAKE A. TURNER, et al.,                   )
                                          )
    Defendants.                       )

## ORDER

On June 4, 2025, Plaintiff P. Brown Bey filed a third amended complaint which asserted claims under multiple federal laws, which gives this court federal question jurisdiction over the action pursuant to 28 U.S.C. § 1331.  (Doc. 73).  On June 18, 2025, Defendants Turner, Harrell, Stoudemire, and Woods filed a Motion to Dismiss the Third Amended Complaint.  (Doc. 75).  On July 4, 2025, Defendant BJ's Bail Bonds Inc. filed a Motion to Dismiss the Third Amended Complaint.  (Doc. 89).  On November 12, 2025, the Magistrate Judge recommended that the court grant the Defendants' motions to dismiss (docs. 75, 89).  (Doc. 105).  On November 19, 2025, the Plaintiff filed objections to the recommendation.  (Doc. 107).

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district judge must "make a *de novo* determination of those portions of the

[magistrate judge's] report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to."). A district court's obligation to "make a de novo *determination* of those portions of the report or specified proposed findings or recommendations to which objection is made" requires a district judge to "give *fresh consideration* to those issues to which specific objection has been made by a party." *United States v. Raddatz*, 447 U.S. 667, 673, 675 (1980) (internal quotations and citations omitted) (emphasis in *Raddatz*).

In his objections, the Plaintiff merely restates facts that the Magistrate Judge considered in her recommendation and fails to challenge a specific factual finding or legal conclusion of the Magistrate Judge.  Because the Plaintiff failed to identify an error in the Magistrate Judge's factual findings or legal conclusions, the court **OVERRULES** the Plaintiff's objections, (doc. 107).

After careful review of the file and upon consideration of the recommendation of the Magistrate Judge, the court **ADOPTS** the recommendation of the Magistrate Judge and **GRANTS** the Defendants' motions to dismiss (docs. 75, 89).  As such,

2

the court **DISMISSES** the Plaintiff's federal law claims **WITH PREJUDICE**[1] and

**DISMISSES** the Plaintiff's state law claims **WITHOUT PREJUDICE**.

The Court will enter a separate final judgment.

**DONE** and **ORDERED** on this the 14th day of April, 2026.

BILL LEWIS
UNITED STATES DISTRICT JUDGE

---

[1] The Magistrate Judge's recommendation is silent as to whether to dismiss the Plaintiff's federal law claims with or without prejudice. Here, because any further amendment would be futile, the court dismisses the action with prejudice. *See Daker v. Bryson*, 841 F. App'x 115, 123 (11th Cir. 2020) (stating that the "general rule against dismissal with prejudice without notice does not apply if the claim is patently frivolous or if amendment would be futile").